**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| JUSTIN DAVENPORT, S07433, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 26-cv-56-DWD |
| | ) | |
| JOHN BARWICK, | ) | |
| LATOYA HUGHES, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Justin Davenport, an inmate of the Illinois Department of Corrections (IDOC), brings this mandamus action concerning his incarceration at Pinckneyville Correctional Center.  (Doc. 1).  Davenport contends that his sentence has not been calculated correctly by the Illinois Department of Corrections, and that if it was calculated properly he would be entitled to release.  He seeks an order directing the defendants to properly calculate his sentence and to process his release, and any other relief the Court deems appropriate.

Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a)-(b).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se*

complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

### The Petition

Davenport brings his petition pursuant to 735 ILCS 5/14-101. (Doc. 1 at 2). He seeks his immediate release based on his argument that he has been detained beyond the lawful term of his underlying sentence. As background for his request, Davenport alleges that at the time he was sentenced in state court, his offense carried a maximum penalty of three years of imprisonment. Though he initially was set to serve 50% of that term, he ended up returning to custody to serve the full term after a violation. (Doc. 1 at 2). He argues that because the full term was three years, he should no longer be in custody, but he remains in custody because he is now being required to serve a portion of his mandatory supervised release. Davenport indicates that he is suffering irreparable damages and that the situation also violates the Eighth and Fourteenth Amendments.

Davenport seeks an order of mandamus compelling Defendants to release him. In support of his petition, he submitted the judgment from his state criminal case, and a copy of an Illinois sentencing statute on Class 4 felonies. (Doc. 1 at 5-7).

### Analysis

Davenport has clearly and unequivocally filed this action as an application for writ of mandamus. (Doc. 1 at 2). The generic writ of mandamus has been abolished. Fed. R. Civ. P. 81(b). Two different federal statutes govern Writs of Mandamus, and Davenport cited neither. *See* 28 U.S.C. § 1361 and 28 U.S.C. § 1651. Regardless, federal courts have no authority to grant mandamus relief against state officials. Rather, federal mandamus

jurisdiction is limited to actions against "an officer or employee of the United States or any agency thereof." *See* 28 U.S.C. § 1361.  Section 1651 also does not vest the Court with jurisdiction to issue the writs of mandamus that Davenport seeks in this action against state officials because there is no other independent basis of jurisdiction.  *See* 28 U.S.C. § 1651(a); *United States v. Spadafora*, 207 F.2d 291 (7th Cir. 1957) (Section 1651 is not an independent basis for jurisdiction, it only authorizes a court to grant mandamus relief to the extent necessary to effectuate things in an action already within its jurisdiction).  Thus, this Court lacks jurisdiction to issue a writ of mandamus against Barwick or Hughes.

Beyond the possibility of mandamus relief, the Court notes that to the extent Davenport seeks his release from custody, release may only be sought in a federal habeas corpus proceeding under 28 U.S.C. §§ 2241 or 2254.  The Seventh Circuit has instructed that courts reviewing civil lawsuits under other statutes should not automatically re-construe a civil matter as a habeas petition because individuals are generally limited to single habeas proceeding and should not be allowed to jeopardize that single opportunity with an improperly framed civil suit.  *See e.g.*, *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999) (A claim presented in a civil rights suit that should have been prosecuted under the habeas corpus statute should not be converted into a habeas action and decided on the merits.  Instead, it should be dismissed leaving the prisoner to decide if he wishes to sue for habeas relief).  Thus, if Davenport seeks his release, he may elect to pursue that in a federal habeas action.

Finally, the Court notes that Davenport also mentions Eighth Amendment and Fourteenth Amendment due process violations in this pleading, but a due process

challenge under 42 U.S.C. § 1983 that would necessarily lead to his immediate release cannot be pursued until after Davenport seeks habeas relief or otherwise has a change in his custodial status. *See e.g.,* *Riley v. Hughes*, 2024 WL 3949444 at * 2-3 (S.D. Ill. Aug. 27, 2024) (finding that an inmate could not pursue a Section 1983 complaint for alleged over-incarceration while he was still detained).

Based on the foregoing analysis, the Court finds it appropriate to dismiss Davenport's mandamus action for lack of jurisdiction. The Court will not afford Davenport leave to amend in this civil case, because there is no apparent amendment that could cure the defects identified in this Order. The Court will not impose a strike in this action because the dismissal for lack of jurisdiction is not an enumerated ground under 28 U.S.C. § 1915(g), and the Court does not find that the filing of this case was intentionally frivolous. *See e.g.,* *Haury v. Lemmon*, 656 F.3d 521, 523 (7th Cir. 2011) (dismissal for lack of jurisdiction does not warrant a strike under 28 U.S.C. § 1915(g), at least when the assertion of jurisdiction itself is not found to be frivolous).

### Disposition

Davenport's writ of mandamus (Doc. 1) is **DISMISSED** for lack of jurisdiction. The Clerk of Court is **DIRECTED** to enter judgment and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 31, 2026

_____
DAVID W. DUGAN
United States District Judge